IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Torrance A. Gantt, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3:16-151-JMC-KFM |
| | ) |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| | ) |
| Valorie Stroman; and | ) |
| Trooper Trotter, Arresting Officer, | ) |
| | ) |
| Defendants. | ) |

  The *pro se* plaintiff is a resident of Columbia, South Carolina. According to the complaint, "Valorie" Stroman, works at 1400 Huger Street in Columbia, South Carolina. It can be judicially noticed that the plaintiff is bringing suit against Valerie R. Stroman, a county magistrate in Richland County, South Carolina. Trooper Trotter is the arresting officer.

  The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil rights action arises out of the plaintiff's arrest and conviction for driving under suspension-third offense. The plaintiff alleges: (1) Officer Trotter did not have probable cause to "pull [the plaintiff] over" (doc. 1 at 3); (2) Judge Stroman found the plaintiff guilty of driving under suspension-third offense in a bench trial where the plaintiff submitted evidence that proves he was supposed to have his license (*id*.); (3) the plaintiff did not sign the refusal paper with respect to a urine or blood test (*id*.); (4) the plaintiff still has an "administrative action" pending against him indicating that he refused a urine or blood test (*id*.); (5) the plaintiff was initially charged with DUI, but the plaintiff "blew 0.00" (*id*.); (6) Officer Trotter has received thousands of dollars from Solicitor Myers "for their charity" (*id*.); (7) "[t]hey have worked together in conspiracy to keep [the plaintiff] oppressed" (*id*.); and (8) it was in Judge

Stroman's power to drop the administrative act, "but she didn't off [*sic*] of good faith by Officer Trotter, in which overrided [the plaintiff's] evidence and testimony" (*id*.). An attachment incorporated into the complaint indicates that the plaintiff appealed his conviction to the South Carolina Court of Appeals, but was unsuccessful in his appeal (*id*. at 5). In his prayer for relief, the plaintiff requests that the "administrative act" and the three driving under suspension charges be dropped and seeks a refund of the plaintiff's bond money, restitution to the plaintiff, and fifty thousand dollars (*id*. at 6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Since the plaintiff was convicted of driving under suspension-third offense, the above-captioned case is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because a right of action has not accrued.

Magistrate courts are courts in the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); and *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system.

*See In re Hughes*, 710 S.E.2d 75, 75–76 (S.C. 2011).  As a county magistrate in the State of South Carolina's unified judicial system, Magistrate Stroman is immune from suit with respect to her actions in the plaintiff's trial for driving under suspension-third offense.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); and *Stump v. Sparkman*, 435 U.S. 349, 351–64 (1978);  *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

This federal court cannot issue a writ of mandamus to compel the South Carolina Department of Public Safety or the South Carolina Department of Motor Vehicles to change the "administrative action" against the plaintiff.   *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969); and *Smith v. Shwedo*, Civil Action No. 3:12-2286-CMC-PJG, 2012 WL 5463207, at *3 (D.S.C. Oct. 23, 2012), *adopted by* 2012 WL 5463089 (D.S.C. Nov. 8, 2012).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.


January 20, 2016                                            s/ Kevin F. McDonald
Greenville, South Carolina                           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).