# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Torrance A. Gantt, | ) | |
| | ) | Civil Action No.: 3:16-cv-00151-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Valorie Stroman; and Trooper Trotter, Arresting Officer, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Torrance Gantt ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants conspired to improperly convict Plaintiff for driving under suspension-third offense in a South Carolina state court. (ECF No. 1). Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Specifically, Plaintiff asserts that Defendant Trooper Trotter did not have probable cause to arrest him, and that it was in Defendant Valerie Stroman's[1] power to throw out the charge against Plaintiff, but she chose not to do so. (ECF No. 1). Plaintiff requests that his charges for driving under suspension be dropped, and he seeks a refund of his bond money as well as restitution in the amount of fifty thousand dollars ($50,000). (ECF No. 1 at 6).

This matter is before the court pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss civil actions filed *in forma pauperis* if they are frivolous or fail to state a claim upon which relief can be granted. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Kevin McDonald for a

---

[1] Plaintiff identifies the defendant as Valorie Stroman; however, the court takes judicial notice of the fact that the proper defendant is Valerie R. Stroman who is a county magistrate in Richland County, South Carolina.

Report and Recommendation. On January 20, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court dismiss Plaintiff's complaint without prejudice. (ECF No. 11.) The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Plaintiff was advised of his right to file objections to the Report (ECF No. 11 at 4). However, Plaintiff did not file any objections to the Report. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

3

Therefore, after a thorough review of the Report of the Magistrate Judge, the court finds the Report provides an accurate summary of the facts and the law in this matter.  Accordingly, the court **ADOPTS** the Report of the Magistrate Judge (ECF No. 11).  It is therefore ordered that Plaintiff's complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 10, 2016
Columbia, South Carolina